IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALLEN HARDAWAY | § | |
| | § | |
| v. | § | C.A. NO. C-09-120 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**MEMORANDUM AND RECOMMENDATION TO**
**GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner filed this petition for a writ of habeas corpus, challenging denial of parole by the Texas Department of Criminal Justice, Correctional Institutions Division. (D.E. 1). On July 27, 2009, Respondent filed a motion for summary judgment. (D.E. 15). Petitioner has not filed a response.[1] For the reasons stated herein, it is respectfully recommended that Respondent's motion for summary judgment be granted.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner was convicted of murder in the 347th Judicial District Court in Nueces County, Texas, (D.E. 1), and therefore

---

[1] Pursuant to Local Rule 7.4, "[f]ailure to respond will be taken as a representation of no opposition."

jurisdiction is proper in this Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

Respondent has custody of Petitioner pursuant to a judgment and sentence of the 347th Judicial District Court of Nueces County, Texas, in Case No. 90-CR-1414-H.  Ex parte Hardaway, App. No. 14,767-05, at 72.  He does not complain about his state conviction, but instead challenges Respondent's failure to grant him release on parole.  (D.E. 1, at 7).  He asserts that Respondent has denied him equal protection in violation of the Fourteenth Amendment by granting similarly situated offenders release on parole.  Id.

On April 1, 2009, Petitioner filed an application for state writ of habeas corpus challenging Respondent's failure to grant him release on parole.  See Ex parte Hardaway, App. No. 14,767-05, at Clerk's Summary Sheet.  On April 15, 2009, it was denied without written order on the findings of the trial court without a hearing.  Id. at cover.  On May 28, 2009, Petitioner filed this petition.  (D.E. 1).

## III.  PETITIONER'S ALLEGATIONS

Petitioner asserts that Respondent violated the Equal Protection Clause of the Fourteenth Amendment when he denied Petitioner release of parole, while granting parole to similarly situated offenders of other races.  (D.E. 1, at 7).

## IV.  DISCUSSION

Respondent concedes that the petition is not time-barred or successive, and that Petitioner has exhausted state remedies.  (D.E. 15, at 3).  He seeks summary judgment on the ground that Petitioner's claim is without merit.  Id. at 5-7.

**A.     Standard Of Review For A Summary Judgment Motion.**

The Fifth Circuit has explained that "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases."  Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960-61 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l

Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.    Petitioner's Claim Is Without Merit.**

Petitioner claims that Respondent violated the Equal Protection Clause by denying him parole "by either a pattern of selective practice or by race." (D.E. 17, at 2).  The Equal Protection Clause of the Fourteenth Amendment provides "that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be

treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)).  The Fifth Circuit has further explained that "[t]o state a claim under the Equal Protection Clause, [Petitioner] must allege that a state actor intentionally discriminated against the [Petitioner] because of membership in a protected class." Williams v. Bramer, 180 F.3d 699, 705 (5th Cir. 1999) (citation omitted).

In order to prevail on an equal protection claim, Petitioner must show that Respondent acted with a discriminatory purpose and, thus, cannot base an equal protection claim solely on a personal belief that he was a victim of discrimination. See Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995) (per curiam); see also United States v. Galloway, 951 F.2d 64, 65 (5th Cir. 1992) (per curiam) ("Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group.") (citation omitted).  Vague and conclusory allegations are insufficient to raise an equal protection claim.  See Pedraza v. Meyer, 919 F.2d 317, 318 n.1 (5th Cir. 1990) (per curiam).

In support of his claim, Petitioner offers his personal belief that he was denied parole because of his race.  (D.E. 17, at 2).  Then, he also offers the fact that

5

a Caucasian prisoner and an Hispanic prisoner also convicted of murder and sentenced to life, as he was, have been released on parole while he has not. Id. However, his supporting evidence ends there. These bases by themselves fall short of establishing an equal protection violation. Indeed, Woods instructs that a personal belief about discrimination is no basis at all. See 51 F.3d at 580.

Furthermore, it is unclear whether these offenders were similarly situated to Petitioner, who has previously been convicted of aggravated robbery and in fact committed murder while on parole. See (D.E. 14, at 11-14). All that is known about these other two prisoners is their racial and ethnic backgrounds, convictions, and the fact they were paroled. Id. at 21. Moreover, there is no evidence of discriminatory purpose or intent. Finally, Petitioner's own evidence shows that the stark majority of inmates – regardless of whether they are Caucasian, Hispanic, or African-American – convicted of murder in 1990 have not been released on parole either. Id. The Petitioner has not shown that he was discriminated against at all, let alone intentionally. Accordingly, it is respectfully recommended that Petitioner has failed to establish that Respondent violated equal protection by denying him release on parole, and the petition should be dismissed.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## VI.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 15), be granted, and that the petition, (D.E. 1), be dismissed with prejudice.  It is further respectfully

recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 2nd day of September 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).